Staples, J.,
delivered the opinion of the court.
The court is of opinion that the 16th section of chap. 132, Code of 1860, requires a commissioner in chancery, on the first day of any County court, to post at the front door of the court-house a list of those fiduciaries whose accounts are before him for settlement; stating the names of such fiduciaries, the nature of their accounts, whether as personal representative, guardian, curator, committee or trustee; and the-names of their decedents, or of the persons for whom they are guardians, curators *380 or committees, or under whose deed or other instrument of trust they are acting.
These provisions are manifestly intended for the protection of persons interested in the subject matter of such accounts; and they apply to the report, regular or spementioned in the 24th section of the same chapter aud consequently, under the last named section a County court is not authorized to make any order for investing or loaning out the money or funds therein referred to, unless the commissioner has previously conformed to the provisions of the 16th section, by posting the notice as therein required.
The settlement and report of commissioner Banks constitute a part of the record in this case, by agreement of the parties in the Circuit court. They purport to have been made out- and completed before the commencement of the October term of the court; but it is very manifest that this was not the fact. It is possible the settlement had progressed far enough to ascertain what was due the wards respectively. The accounts were, no doubt, taken in this incomplete state to the court-house, at the instance of the administrator; and upon some verbal representation of the sums probably due the wards, the order for the deposit was obtained. This being done, the papers were returned to the commissioner; the settlement then completed, and filed in the clerk’s office nearly a month afterwards. There was neither a regular nor a special report, such as is contemplated by the statute.
It is very obvious the notice was not posted until the very day the order was obtained; nor was any information given to the wards, or to any one for them, that an application would be made for such order. The failure to post the notice until the October term, notwithstanding the accounts were before the commissioner long an- *381 tenor to the September court; and the hot haste in obtaining the order the same day the uotice was posted, plainly evince a purpose to keep the wards and their friends ignorant of the whole proceeding. The report did not show any money in the hands of the administrator of the guardian, belonging to the wards. It did show a balance of principal due each of them, amounting to fifteen hundred and seventeen dollars and 17 cts. by account- settled and recorded as early as April 1859 ; and in addition thereto the interest that had accrued since the date of the settlement. This principal had been appropriated and never accounted for by the guardian. This liability continued until September 1863, when the administrator of the guardian is seized with a desire to have a settlement of his accounts. At that period Confederate Treasury notes constituted the sole circulating medium of the country. And it is impossible not to see, that the whole object of this action was to relieve the estate of the guardian, or the administrator himself, of a debt, every dollar of which was justly due in coin or its equivalent, by a deposit in a depreciated currency, under the supposed sanction of the County court. A proceeding of this sort, affecting the rights of infants, does not commend itself to the favorable consideration of this court. An order thus irregularly made cannot be regarded as an adjudication of the rights of the infants. As they were not parties to the proceeding in any form, they can of course take no appeal therefrom. Their only remedy is a motion to set aside such order as improperly made. In Hollins v. Patterson, 6 Leigh 457, the County court, without any of the proceedings required by the statute concerning roads, made an order summarily on motion, for an alteration of a public road. It was held, that the court, at a subsequent term, at the instance of a party aggrieved, and on hearing of *382 the party on whose motion the alteration was made, might set aside the order for the alteration, and re-establish the road. The same principles justify the rescission of the order in this case. ' What effect such rescission may have upon the rights of the parties, this court is not now called on to decide. The defendants in error are entitled to have it removed out of their, way, with a view to the prosecution of such claim as they may have against the estate of their former guardian.
The judgment of the Circuit court must, therefore, be affirmed.
Judgment affirmed.